# UNITED STATES *versus* DANIEL WHITNEY, EBENEZER CHILDS, AND PLINY SABIN

December Term, 1829

Daniel LeRoy, United States attorney for Michigan.

# [OPINION]

We did not expect now to have expressed our opinions on the question presented: And I am not advised therefore of the views which my Associates have taken of the matter.

But having arrived at a conclusion in my own mind I have no objection, since the District Attorney seems so desirous to obtain an immediate decision, to communicate now my own individual sentiments.

The Attorney for the United States has ex-officio exhibited and read to us an Information, purporting that the Defts. being Citizens of the United States and inhabitants of Green Bay in the County of Brown, within this Territory, did on the        day of        enter upon and go into the certain Territory described, within the limits of this Territory and belonging to a nation or tribe of Indians known by the name of the Winnebago Indians, etc., —— that they then and there "with force and arms" did cut and carry away a certain large number of trees, etc. — against the Stat. etc., and prays that process may issue, etc.

The mode of proceeding by Information, in cases of crimes, is certainly sanctioned by the Common Law:— and, however unusual in this Territory and opposed to the spirit of our Criminal Code, yet I do not feel myself justified, in this stage of the proceeding, (especially as it is a case not coming within the scope of our local law,) in withholding my assent to the course the Attorney has prescribed for himself.

I consider it indeed, matter of regret, that, (since it has been perfectly practicable for the Attorney to have had a Grand Jury here), he had not either submitted the matter to the consideration of that body:— and particularly as the mode of proceeding by "Information" is not prescribed by the Act of Congress: and as it is not pretended but that, if the alleged offense can be prosecuted criminally, it may be so prosecuted by "Indictment".

Nevertheless, I consider it generally true, that it is competent for the District Attorney, ex-officio, and without the leave of the Court, to file a criminal Information. —— In such case, it is his own Act; — an initiatory and exparte proceeding for which *we* are in no wise responsible. — The Attorney for the Govt., is an officer of high grade; — one who in many cases—— this is one; — acts upon his own responsibility: — I think he may, of right file ex-officio, this Information.

If such then be the rule of law, I think in ordinary cases at least, he has a right also, consequently, to sue out appropriate process: — for it can hardly be supposed that the law would authorize the filing of the Information and yet deny him that process, without which the Act would be nugatory: — It would. be "keeping the word of promise to the ear, but breaking it to the hope"! — I am in favor then of issuing of a venire against the Defendants.

Upon Indictments found, I know the common process in *this* Territory, is a capias, or bench warrant, but in all but offences of a high grade, the common law process, is, in the first instance a venire; — and I am the more inclined to designate that species of process in this case, for two reasons:

First: The Attorney has thought proper to deviate from the ordinary practice of this Court, by preparing a criminal Information which is filed without oath or accompanying affidavit — rather than proceed in the less rigorous and more safe course, of referring the matter to the oaths of a Grand Jury.

Second: Because there is an appearance of great severity — not sought to be accounted for, in attempting to bring the Defts. thro' the wilderness (for the

Attorney knows that all navigation is at an end until next Summer) more perhaps than 1000 miles round the South extreme of Lake Michigan, — when in their very neighborhood, there is a Court which confessedly has a jurisdiction concurrent in this matter with that, this Court has!

I feel it matter of duty to entertain cognizance of this case, since the Attorney for the Govt. requires it, but I cannot avoid remarking, that no reason has been suggested why these men are not proceeded against in the County where they reside and where the witnesses doubtless are, or in the immediate vicinity of the Indian Territory — I mean in the Court of the Upper District.

And after all — it may not be improper for me to state that I have not arrived at the conclusion, that the Attorney may file his Information in this case and have his process, without much and serious doubt. Cases may be supposed in which the Attorney for the Govt, either may not file a criminal Information, or, if he may, the proceeding must be nugatory: — As for example, in capital cases; — where the paramount law inhibits any other form of proceeding, than by presentment or indictment —— So in cases of an opposite class; —— it will hardly be insisted that a man may be proceeded against by a criminal Information, tho filed by the Attorney ex-officio, for an act which is not recognized by the law as an offence. —— That which the law recognizes as a mere *civil injury*, cannot, at the pleasure of the Attorney be converted into a *crime;* nor be made the subject of a criminal prosecution. —— By the information exhibited we are advised that the Defts. named, went a short distance from their place of residence over the Indian boundary, defined by treaty, and cut and carried away sundry trees which were then growing.

But this act does not purport to have been done with violence and strong hand — nor to the terror of the people — nor to have been attended by any breach of the peace — nor is it alleged, in the words of the statute, that the Defts. were "unauthorized by law"; nor is a hostile intention imputed to them. —— At Com. Law then, the act alleged would be a *civil injury only*, a *mere trespass:* —— But a case trespass cannot be proceded against by indictment at Common Law and surely not by criminal Information! This proposition is abundantly supported by the case of Rex vs Blake and others (3 Bur. 1731–3) and the cases there referred to.

But does the act of Congress convert such trespass into a crime? ——Will a fair construction of the Act justify a prosecution of the trespasser by Indictment or Information? —— On this point I do not hesitate to say, that if the stat. *do not* sanction a criminal prosecution in such a case, it ought to — and the matter becomes a fit subject for further legislation; —— for I can hardly imagine a cause more likely to occasion a breach of the public peace, than the commission of trespass of this kind with impunity! —— The best interests of the community, the policy and the peace of the Govt. may in the highest degree be jeopardized by such acts! But I am aware that *our* duty is to look rather at the positive enactments of the Statute than to considerations of this sort.

The Information is proposedly founded upon the 4th Section of the Act "to regulate trade and intercourse with the Indian Tribes, and to preserve peace on the frontiers" passed March 30, 1802. —— The section purports to define the punishment to be inflicted upon any Citizen of the United States, or other person resident therein who shall go into the Territory etc. belonging to or secured by treaty to any tribe of Indians "and shall there coomit robbery, larceny, *trespass* or other crime against the person or property of any friendly Indian" etc. —— In order that the offender be punished, the "robbery, larceny, trespass or other crime" —— —— must have relation to the person or property of an Indian,—

Such an offence there committed upon the person or property of a *white man* would not seem to come within the scope of the provision: —— But is there not still a further restriction? —— Must not the "robbery, larceny, trespass or other crime" be such also, as if committed within the jurisdiction of any State, against a Citizen of the United States, would be *punishable?* and proper, therefore, to be proceeded against *criminally?* —— If it be a trespass then, must it not be *such a* trespass as would be indictable? i.e. —— a trespass committed with *violence* and a *strong hand?* one attended by an actual and open violation of the public peace?

And altho' the section alluded to *should be considered susceptible of a different reading*, yet do not such rules obtain, in regard to statutes of this description, as is all require a construction *most favorable* to a party charged?

I allude to this topic now —— that the Attorney may, if he think proper, make it the subject of further reflection: —— In *this stage of the proceedings*, I do not myself deem it proper, (altho' it has been the occasion of some difficulty with me,) to decide upon the proper construction of the Statute — Should the defendants appear and bring up the question, we shall then, and it will be the fit time, have to decide in it —— In the meantime I think the Attorney is entitled to his motion.